UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

KEVIE DAVIS  # T-3419                                                      PETITIONER

VERSUS                                           CIVIL ACTION NO. 5:09-cv-209-DCB-RHW

DALE CASKEY, Warden                                                       RESPONDENT

### PROPOSED FINDINGS OF FACT AND RECOMMENDATION

Before the Court is Kevie Davis's December 14, 2009 petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Having considered the pleadings, records on file, briefs and arguments of the parties, and the relevant legal authority, the undersigned U.S. Magistrate Judge is of the opinion that Petitioner's request for federal habeas relief should be denied.

### FACTUAL AND PROCEDURAL BACKGROUND

In a two-count indictment returned August 8, 2005, Kevie Cory Davis was charged with possession of 134.7 grams of marijuana and possession of 13.7 grams of cocaine, both crimes alleged to have occurred on March 25, 2005.  The indictment further charged Davis as an habitual offender under MISS. CODE ANN. § 99-19-81,[1] based upon his two prior felony convictions for theft of a motor vehicle in Tennessee in 1997, for each of which he was sentenced to serve two years in a penal institution.  [7-2, pp. 13-15]

A Sharkey County Circuit Court jury found Davis guilty of both the drug charges on April 12, 2006.  [7-2, pp. 53-54]  The trial Court accepted "certified copies of the indictments and prior convictions of the defendant for theft of a motor vehicle in cause number 95-11510 of the Criminal Court of Shelby County Tennessee and theft of a motor vehicle in cause number

---

[1]The statute requires imposition of the maximum term of imprisonment prescribed for a felony committed in Mississippi by one who has been twice previously convicted of felonies "upon charges separately brought and arising out of separate incidents at different times," and sentenced to separate terms of one year or more in a penal institution.  The statute prohibits reduction or suspension of the sentence, and one so convicted is not eligible for parole or probation.

95-04935 of the Criminal Court of Shelby County Tennessee," and set sentencing on the drug convictions for May 8, 2006.  [7-2, pp. 55-56]  By order dated May 8, 2006, and filed by the clerk on May 10, 2006, the trial court sentenced Davis, as an habitual offender, to serve concurrent terms of three years on the marijuana conviction, and twenty-four years on the cocaine conviction.  [7-2, pp. 58-59]

Davis appealed, contending the trial court erred (1) in denying his request for a continuance of the trial based on his medical condition; (2) in denying his witnesses an opportunity to testify or in allowing the prosecution to cross-examine witnesses regarding a prior trial in which Davis was acquitted; (3) in sentencing him as an habitual offender; and (4) that the jury verdict was against the overwhelming weight of the evidence.  The Mississippi Court of Appeals affirmed the convictions and sentences on March 25, 2008.  *Davis v. State*, 995 So.2d 767 (Miss. App. 2008), *reh'g denied* September 16, 2008, *cert. denied*, December 4, 2008.

Davis applied for leave to file a post-conviction motion, urging that the habitual offender portion of the indictment is defective/void; that he was provided ineffective assistance of counsel at trial and sentencing because his attorney failed to object to the defective indictment; and that he was denied due process by the court's sentencing him to an enhanced sentence without parole (as an habitual offender).  The Mississippi Supreme Court denied the post-conviction application by order entered August 19, 2009, finding the defective indictment claim was procedurally barred and without merit, citing MISS. CODE ANN. § 99-39-21(1); claims regarding the habitual offender sentence were barred by *res judicata* pursuant to MISS. CODE ANN. § 99-39-21(3);  the ineffective assistance claims failed to meet both prongs of *Strickland v. Washington*, 466 U.S. 668 (1984), and that Davis had failed to make a substantial showing of the denial of a state or federal right.  Four months later, Davis filed the instant habeas petition.

## LAW AND ANALYSIS

The first three grounds for relief in the present petition reiterate the issues presented to, and rejected by, the state court in Davis's unsuccessful application for leave to file a post-conviction motion.  These grounds claim due process violations premised on allegations that the habitual offender part of the indictment was defective, that trial counsel's failure to object to the habitual offender allegations constituted ineffective assistance, and that a jury should have determined the propriety of an enhanced sentence.  Davis's claim in Ground One is that the habitual offender portion of the indictment was defective for failing to allege the dates of judgment of conviction and sentencing in the prior convictions, and that the State failed to introduce proof of same.  However, as to each of the prior convictions, the indictment alleges that Davis "was convicted of the felony of Theft of a Motor Vehicle in the Criminal Court of Shelby County, Tennessee on or about June 17, 1997," identifies the specific cause number of each of the prior convictions, and states Davis was sentenced to serve a term of two years for each of those convictions.  [7-2, p. 15]  The indictment was sufficient to charge Davis as an habitual offender under Mississippi law.  *Evans v. State*, 988 So.2d 404, 406-07 (Miss. App. 2008); Rule 11.03(1); *see also*, Mississippi Uniform Rules of Circuit and County Court ("indictment must allege with particularity the nature or description of the offense constituting the previous convictions, the state or federal jurisdiction of any previous conviction and the date of the judgment").  As in *Evans*, Davis's indictment stated where the convictions occurred, the cause numbers, the crimes committed, the conviction dates and the sentences.  The record states the trial Court accepted "certified copies of the indictments and prior convictions" in the Tennessee cause numbers.  [7-2, pp. 55-56], [7-4, pp. 99-109]

Davis's defective indictment claim was rejected by the state court under MISS. CODE ANN. § 99-39-21(1), which provides that claims capable of determination on direct appeal, but not raised at that stage, are waived and procedurally barred from review on post-conviction motion.  "When a state court declines to hear a prisoner's federal claims because the prisoner failed to fulfill a state procedural requirement, federal habeas is generally barred if the state procedural rule is independent and adequate to support the judgment."  *Sayre v. Anderson*, 238 F.3d 631, 634 (5th Cir. 2001)(citing *Coleman v. Thompson*, 501 U.S. 722, 111 S. Ct. 2546, 2553-2554, 115 L. Ed.2d 640 (1991)).  Under *Coleman*, federal review of Davis's Ground One claim is barred if the last explained state-court judgment rested on an independent and adequate state procedural rule, unless Davis has established cause for the default and actual prejudice, or that failure to consider the claim will result in a fundamental miscarriage of justice.  *Id.*, 501 U.S. at 751; *see also Martin v. Maxey*, 98 F.3d 844, 847 (5th Cir. 1996).

The Fifth Circuit has held that MISS. CODE ANN. § 99-39-21(1) is an independent state procedural bar.  *Stokes v. Anderson*, 123 F.3d 858, 860 (5th Cir. 1997).  Since Davis has failed to show any inconsistent or irregular application of the statutory bar by Mississippi courts, it is also adequate, and Davis has not demonstrated the necessary cause and prejudice to overcome the procedural default.  Davis has presented no evidence to indicate that a fundamental miscarriage of justice will result from enforcement of the procedural bar on this issue.  Attorney error does not excuse the procedural default unless Davis's counsel was constitutionally ineffective under the standard established in *Strickland v. Washington*, 466 U.S. 668 (1984), which is addressed in Ground Two.

Davis claims in Ground Two that his counsel was ineffective in failing to challenge the indictment as defective, and in allowing him to be sentenced as an habitual offender.  The state

court rejected this claim in its denial of Davis's application to file for post-conviction relief, on grounds that Davis failed to meet both prongs of *Strickland*, which provides the standard for evaluating ineffective assistance claims.  One may prevail on an ineffective assistance claim only if  counsel's conduct "so undermined the proper functioning of the adversarial process that the trial court cannot be relied on as having produced a just result," (*Id.* at 686), "that counsel's errors were so serious as to deprive [him] of a fair trial, a trial whose result is reliable."  *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)(quoting *Strickland*, 466 U.S. at 687).  Davis was required to not only allege, but affirmatively prove prejudice to meet that prong of the *Strickland* test. *Bonvillain v. Blackburn*, 780 F.2d 1248, 1253 (5th Cir.), *cert. denied*, 476 U.S. 1143 (1986).

Under the *Strickland* test, Davis had the burden of showing (1) constitutionally deficient performance by his counsel *and* (2) actual prejudice resulting from the deficient performance. *Id.*, 466 U.S. at 687.  *See also Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994).  The former requires a showing that counsel made such serious errors that he was not functioning as the "counsel" guaranteed by the Sixth Amendment.  *Strickland*, 466 U.S. at 687.  Judicial scrutiny of counsel's performance is "highly deferential, " and the petitioner must overcome a strong presumption that counsel acted reasonably under the circumstances and exercised reasonable professional judgment.  *Id.*, 466 U.S. at 689; *Martin v. McCotter*, 796 F.2d 813, 816-17 (5th Cir. 1986).  Conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding.  *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000), *cert. denied*, 531 U.S. 849.  From the record, the undersigned finds no basis for disagreement with the state court's decision holding Davis failed to meet either prong of *Strickland*.

The sufficiency of the habitual offender allegations of the indictment has already been discussed in Ground One.  The record shows Davis's attorney *did* object to the certified

Tennessee documents, sealed under the Acts of Congress, which the prosecution tendered to prove Davis's prior convictions as alleged in the indictment.  Counsel offered further objections at the May 8, 2006 sentencing hearing, and urged the trial court to sentence Davis to a lesser term than the statutory maximum as required by MISS. CODE ANN. § 99-19-81.   [7-4, pp. 99-109]   That counsel's efforts were unsuccessful does not equate to ineffective assistance.  Since Davis's ineffective assistance claim was denied by the state court on the merits, Ground Two provides no basis for federal habeas relief unless the state court's decision on the issue:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  A state court decision is contrary to federal law if it reaches a conclusion opposite to that reached by the United States Supreme Court on a question of law, or if it decides a case differently from the Supreme Court on "materially indistinguishable facts."  *Williams v. Taylor*, 529 U.S. 362, 412-13, 120 S.Ct. 1495, 1523 (2000).  A state court decision involves an unreasonable application of federal law if it correctly identifies the governing principle, but applies the principle to the facts of the case in an objectively unreasonable manner.  *Id.*, 529 U.S. at 409, 120 S.Ct. at 1521; *see also Ramdass v. Angelone*, 530 U.S. 156, 165-66, 120 S.Ct. 2113 (2000).

Davis has failed to establish a right to habeas relief under the first subsection because the state court correctly identified *Strickland* as the controlling law with respect to the ineffective assistance claim and found Davis had failed to meet that standard, findings which are supported by the record.  Davis has shown neither that the state court's decision was contrary to, nor involved an unreasonable application of, federal law.  In addition, Davis has failed to meet his

burden to show by clear and convincing evidence that the state court decision was based on an unreasonable determination of the facts in his case, so habeas relief is not warranted under Subsection (d)(2). *Miller v. Johnson*, 200 F.3d at 281("petitioner has the burden of rebutting the presumption of correctness [of state court findings of fact] by clear and convincing evidence").

Davis claims in Ground Three that a jury should have determined whether he should be sentenced as an habitual offender, relying on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004). However, the record in this case plainly establishes that the only enhancement of Davis's sentence was due to his prior convictions, pursuant to Mississippi's habitual offender statute. The cited cases do not apply to enhancement of a sentence based on prior convictions. *See Apprendi*, 530 U.S. at 490 ("**other than the fact of a prior conviction**, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt")(emphasis added); *Blakely*, 542 U.S. at 301. The undersigned is of the opinion that the claim raised in Ground One is procedurally barred, and the claims raised in Grounds Two and Three are without merit.

In Ground Four, Davis challenges the trial court's exclusion of testimony of witnesses Tammy Foster, James Cubit and Earl Jones, whose names Davis failed to provide in discovery until the day trial began, and in "limiting" the testimony of Isaac Newell by holding the prosecution would be allowed to cross-examine Newell about a prior trial in which Newell gave testimony on Davis's behalf which was virtually identical to that proffered in the case at bar. Davis's criminal case involved a high-speed chase by law enforcement officers of a vehicle driven by Davis, with Marvin Charles Jones (Marvin) as a passenger. Davis proffered Foster and Cubit as witnesses expected to testify that they overheard Marvin say that he "falsely told law

enforcement officers that the cocaine thrown form the [car] window was Davis's for the purpose of exonerating himself."  Earl Jones was expected to testify that he had seen Marvin smoking crack just before Davis picked up Marvin, and Newell was expected to testify that just before Davis picked up Marvin, the latter had stated he "had a cookie on him," *i.e.*, that he was in possession of cocaine.  The Mississippi Court of Appeals rejected Davis's claims with respect to these witnesses on direct appeal, upholding the exclusion of testimony from Foster and Cubit on grounds of the late disclosure and the hearsay nature of their testimony; upholding the exclusion of Earl Jones's testimony on grounds of late disclosure and relevance because the hearing disclosed that the crack-smoking incident actually occurred several hours before Davis picked up Marvin; and noting that the trial court did not exclude Newel's testimony, the trial judge simply warned Newel that he could be cross-examined regarding his having given "virtually identical testimony" in a prior trial of Davis for possession of controlled substances, in which Davis was found not guilty.  Newel was not called to testify.

State court evidentiary rulings present cognizable habeas claims only if they "run afoul of a specific constitutional right or render the petitioner's trial fundamentally unfair."  *Johnson v. Puckett*, 176 F.3d 809, 820 (5th Cir. 1999).  "Federal habeas corpus review is limited to errors of constitutional dimension, and federal courts do not sit to review the mere admissibility of evidence under state law."  *Castillo v. Johnson*, 141 F.3d 218, 222 (5th Cir. 1998).  A federal habeas court's review of state court evidentiary rulings "is limited to determining whether a trial judge's error is so extreme that it constituted a denial of fundamental fairness" under the Due Process Clause.  *Jackson v. Johnson*, 194 F.3d 641, 656 (5th Cir. 1999).  The crimes charged in this case occurred March 25, 2005.  Trial was set for September 2005, but was continued by agreement to April 11, 2006.  At a February 9, 2006 omnibus hearing, the parties agreed all

discovery would be completed by March 2, 2006.  [7-2, pp. 13-18]  There is no dispute that the defense failed to provide the prosecution the names of the previously undisclosed witnesses until the day trial began.  After hearing the matter, the trial judge sustained the prosecution's objections to testimony of these witnesses as discussed above.  In light of these record facts, the clear discovery violation and untimely disclosure, and evidentiary rules precluding hearsay and requiring that evidence be relevant, this Court does not find the state court's ruling with respect to these witnesses contrary to, nor an unreasonable application of, clearly established federal law. There is no merit to Ground Four.

Davis's argument in Ground Five is essentially that the evidence presented by the state was insufficient to support his convictions and sentences, an argument rejected by the Mississippi Court of Appeals.  Habeas relief on an insufficiency of evidence claim is warranted only where, viewing the evidence in the light most favorable to the prosecution, the Court finds that no reasonable fact-finder "could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).  The Mississippi appellate court's determination that the evidence was sufficient is entitled to great deference.  *Parker v. Procunier*, 763 F.2d 665, 666 (5th Cir.), *cert. denied* 474 U.S. 855 (1985); *see also Callins v. Collins*, 998 F.2d 269, 276 (5th Cir. 1993).  In his argument on this issue, Davis simply rehashes the argument made in the state court challenging the credibility of Marvin Charles Jones; he has presented nothing new to overcome the deference due the state court, nor has he shown any unreasonable application of law to the facts of his case.  This Court has also reviewed the trial record, and cannot say that no reasonable fact-finder could have found Davis guilty of the crimes with which he was charged.  There is no merit to Ground Five.

In Ground Six, Davis challenges the reliability of the documents introduced to prove his prior convictions, and contends his habitual offender sentence was therefore improper.  If this ground be considered as an evidentiary issue, it fails for the same reasoning set forth in the discussion of Ground Four.  If it be considered as a sufficiency of evidence issue, it fails under the same reasoning set forth in the discussion of Ground Five.  If Davis's habitual offender sentence be considered as the state's interpretation of its own laws, it fails because Davis has not shown that it constitutes a denial of rights protected by the United States Constitution.  It is not the function of this Court to review error under state law, "A state's interpretation of its own laws or rules is no basis for federal habeas corpus relief since no constitutional question is involved." *Bronstein v. Wainwright*, 646 F.2d 1048, 1050 (5th. Cir. 1981). "It is axiomatic that federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension. (citations omitted)."  *Wainwright v. Goode*, 464 U.S. 78, 83, 104 S.Ct. 378, 382 (1982).  A "mere error of state law" is not a denial of due process.  *Id*., 464 U.S. at 86; *Engle v. Isaac*, 456 U.S. 107, 121, n. 21 (1982).  The record establishes that Davis was indicted as an habitual offender, that the prior convictions listed in the indictment were the same convictions proven by the documents from the State of Tennessee, which were certified and sealed under the Acts of Congress, and accepted by the trial court as evidence of the convictions reflected therein.[2]  Davis has failed to present any evidence that the state court's decision as to his sentence was contrary to or an unreasonable application of clearly established federal law.  The undersigned finds no merit in Ground Six.

In Ground Seven, Davis claims he was denied due process by the trial court's denial of his second request for a continuance based on medical problems he sustained in an automobile

---

[2]Such evidence is deemed sufficient to establish habitual offender status under Mississippi law.  *Frazier v. State*, 907 So.2d 985, 991-92 (Miss. App. 2005).

accident in the summer of 2005.[3]  Davis presented a letter from his doctor stating prolonged

sitting or standing caused Davis significant discomfort.  The trial judge offered Davis leeway to

get up and even leave the courtroom should he find it necessary, stating the court would explain

to the jury that such conduct had been authorized.  Whether to grant a continuance is within the

discretion of the trial judge, and "it is not every denial of a request for more time that violates due

process..."  *Ungar v. Sarafite*, 376 U.S. 575, 589-91 (1964).  To warrant federal habeas relief, the

denial of a continuance must have been an abuse of discretion and must have been so arbitrary

and unfair as to violate constitutional principles of due process.  *Johnson v. Puckett*, 176 F.3d at

822(quoting *Schrader v. Whitley*, 904 F.2d 282, 288-29 (5th Cir. 1990)).  On direct appeal, the

Mississippi Court of Appeals found no abuse of discretion, and Davis has presented nothing to

this Court to establish that the trial court abused its discretion in denying his second motion for

continuance.  Certainly, Davis has presented nothing to indicate the second continuance would

have allowed him to "adduce evidence that would have altered the verdict."  *See Schrader*, 904

F.2d at 288 (quoting *Kirkpatrick v. Blackburn*, 777 F.2d 272, 279 (5th Cir. 1985), *cert. denied*, 476

U.S. 1178 (1986)).  The undersigned finds no basis for federal habeas relief in Ground Seven.

## <u>RECOMMENDATION</u>

Based on the Petition, Respondent's answer, the record, and the relevant legal authority,

the undersigned recommends that Petitioner's Application for Writ of Habeas Corpus pursuant to

28 U.S.C. § 2254 be denied, and the petition, dismissed.

## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

Pursuant to Rule 72(a)(3), *Local Uniform Civil Rules of the United States District*

*Courts for the Northern District of Mississippi and the Southern District of Mississippi*, after

service of a copy of this Report and Recommendation, each party has fourteen days to serve and

---

[3]The trial court granted Davis a seven-month continuance of the original trial date on the same grounds.

file written objections to the Report and Recommendation.  A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned District Judge.  Within seven days of service of the objection, the opposing party must either serve and file a response or notify the District Judge that he does not intend to respond to the objection.

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects; the District Court need not consider frivolous, conclusive, or general objections.  A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed, this the 18th day of November, 2011.

/s/ *Robert H. Walker*

ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE