```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    WESTERN DIVISION
```

KEVIE DAVIS, # T-3419                                    PETITIONER

VS.                          CIVIL ACTION NO. 5:09-cv-209(DCB)(RHW)

DALE CASKEY, Warden                                      RESPONDENT

<u>ORDER ADOPTING REPORT AND RECOMMENDATION</u>

This cause is before the Court on the petitioner Kevie Davis's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Having considered the pleadings, records on file, briefs and arguments of the parties, and the relevant legal authority, as well as U.S. Magistrate Judge Robert H. Walker's Report and Recommendation **(docket entry 16)**, the petitioner's "Traverse and Motion for Judgment on Pleadings" **(docket entry 19)**, and the petitioner's Objections **(docket entry 22)** to the Report and Recommendation, the Court is of the opinion that the petitioner's request for federal habeas relief should be denied.

In a two-count indictment returned August 8, 2005, Kevie Cory Davis was charged with possession of 134.7 grams of marijuana and possession of 13.7 grams of cocaine. The indictment further charged Davis as an habitual offender under MISS. CODE ANN. § 99-19-81, based upon his two prior felony convictions for theft of a motor vehicle in Shelby County, Tennessee, in 1997, for each of which he was sentenced to serve two years in a penal institution. A Sharkey County Circuit Court jury found Davis guilty of both drug

charges on April 12, 2006. The trial court accepted certified copies of the indictments and convictions of the defendant for the two theft of motor vehicle prior convictions. Davis was sentenced on May 8, 2006, as an habitual offender, to serve concurrent terms of three years on the marijuana conviction, and twenty-four years on the cocaine conviction.

Davis appealed on the following grounds:

(1) that the trial court erred in denying his request for a continuance of the trial based on his medical condition;

(2) that the trial court erred in denying his witnesses an opportunity to testify and in allowing the prosecution to cross-examine witnesses regarding a prior trial in which Davis was acquitted;

(3) that the trial court erred in sentencing him as an habitual offender; and

(4) that the jury verdict was against the overwhelming weight of the evidence.

The Mississippi Court of Appeals affirmed the convictions and sentences on March 25, 2008. Davis v. State, 995 So.2d 767 (Miss. App. 2008), reh'g denied Sept. 16, 2008, cert. denied Dec. 4, 2008. Davis applied for leave to file a post-conviction motion, urging:

(1) that the habitual offender portion of the indictment was defective/void;

(2) that he was provided ineffective assistance of counsel at

2

trial and sentencing because his attorney failed to object to the defective indictment; and

(3) that he was denied due process by the court's sentencing him to an enhanced sentence without parole (as an habitual offender).

The Mississippi Supreme Court denied the post-conviction application by order entered August 19, 2009, finding:

(1) the defective indictment claim was procedurally barred and without merit, citing MISS. CODE ANN. § 99-39-21(1);

(2) the claims regarding the habitual offender sentence were barred by res judicata pursuant to MISS. CODE ANN. § 99-39-21(3);

(3) the ineffective assistance claims failed to meet both prongs of Strickland v. Washington, 466 U.S. 668 (1984), and Davis failed to make a substantial showing of the denial of a state or federal right.

In his section 2254 habeas petition now before this Court, Davis first raises three grounds for relief claiming due process violations, premised on allegations that (1) the habitual offender part of the indictment was defective, (2) his trial counsel's failure to object to the habitual offender allegations constituted ineffective assistance, and (3) a jury should have determined the propriety of an enhanced sentence.  These three grounds reiterate the issues presented to, and rejected by, the state court in Davis's unsuccessful application for leave to file a postconviction

motion.

In his Report and Recommendation, Magistrate Judge Walker finds that the indictment was sufficient to charge Davis as an habitual offender under Mississippi law, and that Davis's defective indictment claim was rejected by the state court as waived and procedurally barred from review on post-conviction motion because it was not raised on direct appeal.  As for his ineffective assistance claim, Davis failed to meet both prongs of Strickland, and failed to show that the state court's decision on the issue

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  Finally, the Report and Recommendation finds that the only enhancement of Davis's sentence was due to his prior convictions; thus, the requirement of submission to a jury, found in Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 542 U.S. 296 (2004), does not apply.

Davis's fourth ground in his petition challenges the trial court's exclusion of testimony of three witnesses whose names Davis failed to provide in discovery until the day trial began, and the trial court's "limiting" of the testimony of Isaac Newell by holding the prosecution would be allowed to cross-examine Newell about a prior trial in which Newell gave testimony on Davis's

4

behalf which was virtually identical to that proffered in the case at bar.  A federal habeas court's review of state court evidentiary rulings "is limited to determining whether a trial judge's error is so extreme that it constituted a denial of fundamental fairness" under the Due Process Clause.  Jackson v. Johnson, 194 F.3d 641, 656 (5th Cir. 1999).  Magistrate Judge Walker finds that the state court's rulings with respect to these witnesses were neither contrary to, nor an unreasonable application of, clearly established federal law.

The fifth ground Davis raises is that the evidence presented by the state was insufficient to support his convictions and sentence, an argument rejected by the Mississippi Court of Appeals. Habeas relief on an insufficiency of evidence claim is warranted only where, viewing the evidence in the light most favorable to the prosecution, the Court finds that no reasonable fact-finder "could have found the essential elements of the crime beyond a reasonable doubt."  Jackson v. Virginia, 443 U.S. 307, 319 (1979). The Report and Recommendation finds this claim to be without merit.

Davis's sixth ground challenges the reliability of the documents introduced to prove his prior convictions, and contends his habitual offender sentence was therefore improper. Magistrate Judge Walker finds that to the extent this ground raises an evidentiary issue, it fails for the same reasons as ground four; to the extent it raises a sufficiency of evidence issue, it fails for

5

the same reasons as ground five.

In his seventh ground, Davis claims he was denied due process by the trial court's denial of his second request for a continuance based on medical problems he sustained in an automobile accident. To warrant federal habeas relief, the denial of a continuance must have been an abuse of discretion and must have been so arbitrary and unfair as to violate constitutional principles of due process. <u>Johnson v. Puckett</u>, 176 F.3d 809, 822 (5th Cir. 1999)(quoting <u>Schrader v. Whitley</u>, 904 F.2d 282, 288-29 (5th Cir. 1990)). Davis has presented nothing to establish that the trial court abused its discretion and that his due process rights were violated.

In his Report and Recommendation, Magistrate Judge Walker thoroughly discusses the law and explains why the petitioner is not entitled to federal habeas relief. Davis's "Traverse and Motion for Judgment on Pleadings" and his Objections to the Report and Recommendation do not convince the Court that any of Magistrate Judge Walker's findings are in error. The Court therefore adopts the Report and Recommendation in its entirety. The petition shall be denied and this case dismissed with prejudice.

Accordingly,

IT IS HEREBY ORDERED that U.S. Magistrate Judge Robert H. Walker's Report and Recommendation **(docket entry 16)** is ADOPTED as the findings and conclusions of this Court;

FURTHER ORDERED that the petitioner's "Traverse and Motion for

6

Judgment on Pleadings" **(docket entry 19)**, and the petitioner's Objections **(docket entry 22)** to the Report and Recommendation are DENIED;

FURTHER ORDERED that the petitioner's motions for extensions of time **(docket entries 17 and 20)** to file Objections to the Report and Recommendations are GRANTED retroactively.

A final judgment dismissing the petition in accordance with Rule 58 of the Federal Rules of Civil Procedure shall follow.

SO ORDERED, this the 30th day of May, 2012.

/s/ David Bramlette  
UNITED STATES DISTRICT JUDGE